**ABELSON & TRUESDALE, LLC**
By: Michael M. Khalil, Esq.
ID (MK 4845)
147 Union Ave - Suite 1E
Middlesex, New Jersey 08846
(732) 302-9600
Attorney for Debtors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In Re:

    JERZY LOBROW
    BEATA LOBROW

    Debtors

Case No. 18-16428

Chapter 13

Hearing Date: October 3, 2018

Judge: Hon. Christine M. Gravelle

**COUNSEL'S CERTIFICATION IN SUPPORT OF CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Michael M. Khalil, counsel to the Debtor, submits the following in support of confirmation of the Debtor's proposed chapter 13 plan:

1. I am attorney at law of the State of New Jersey, this District, an associate of the above law firm and have been tasked with the representation of the Debtor in this matter.

2. The Debtors' are in receipt of the Trustee's filed objection to confirmation (Docket # 21) which alleges that all disposable income (per Form 122C or Schedules I/J) is not being paid into the plan.

3. Debtors respectfully submit that their case is a "means test case" governed solely by Form 122C. There exists no post-petition change of circumstances to render *Hamilton v. Lanning*, 560 U.S. 505 (2010) applicable herein. Therefore, any objection as to the legality of the Debtors' plan funding must raise an issue with the figures on the Debtors' means test. This position is furthered by the fact that Form 122C legally accounts for items, such as arrearages on secured obligations, that are impossible and inappropriate to list on Schedule J. There exists no support in statute nor caselaw for the means test to be disregarded in an above median case where *Lanning* does not apply.

4. Debtors respectfully submit that their plan was proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3). That their means test per Form 122C was properly drafted and that the figures contained therein are accurate with respect to the applicable pre-petition period. The Trustee's objection offers no calculation nor any other support to rebut the Debtor's position.

5. Pursuant to the Debtors' filed Form 122C, their household income for the applicable pre-petition period averaged out to $12,294.67 per month. After undertaking legal and permissible deductions on the same, none of which have been objected to, the Debtors are left

with a $1,133.29 monthly disposable income. The filed chapter 13 plan[1] proposes a payment in excess of this amount which provided the requisite dividend to unsecured creditors.

      6. Additionally, the chapter 13 Trustee's objection sought clarification as to any potential non-exempt proceeds from the Debtors' personal injury case. The modified plan filed on August 31, 2018 (Docket #22) provides for the turn over of any non-exempt funds from such a lawsuit.

      7. Lastly, the Trustee's objection makes reference to the proposed order of distribution. The Debtors respectfully submit that when filing their plan pursuant to 11 U.S.C. § 1321, they have discretion to craft an order of distribution to meet the needs of their case. This has been an accepted practice in this District as evidenced by the our local chapter 13 plan.

      WHEREFORE, the Debtor respectfully submits that all of their disposable income has been properly accounted for, that their plan was proposed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and respectfully request that the Court confirm the plan as proposed.

Dated: October 1, 2018

                                    /s/ Michael M. Khalil.
                                    Michael M. Khalil, Esq.
                                    Attorney for Debtors

---

[1] Modified Chapter 13 Plan (Docket #22)