Bernstein-Burkley, P.C.
Keri P. Ebeck, Esquire
Bar No. 262092017
707 Grant Street, Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8112

Order Filed on November 13, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ATTORNEY FOR CREDITOR: REGIONAL ACCEPTANCE CORPORATION**

## IN THE BANKRUPTCY COURT FOR THE
## DISTRICT OF NEW JERSEY (TRENTON)
## HONORABLE CHRISTINE M. GRAVELLE

| | | |
|---|---|---|
| In re: | : | Case No. 18-16428-CMG |
| | : | |
| JERZY LOBROW & | : | |
| BEATA LOBROW, | : | |
| Debtors, | : | |
| | : | Chapter 13 |
| | : | |
| | : | Hearing Date: October 17th, 2018 |
| _____ | : | |

CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM STAY DATED
SEPTEMBER 17, 2018

CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE
2012 NISSAN JUKE UTILITY 4D S AWD 1.6L I4 TURBO, VIN# JN8AF5MV8CT126846

The relief set forth on the following pages hereby ORDERED.

**DATED: November 13, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

| | |
|---|---|
| Debtors: | Jerzy Lobrow & Beata Lobrow |
| Case No.: | 18-16428-CGM |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

1. The 11 U.S.C. §362(a) Stay as to Regional Acceptance Corporation, ("Movant"), with respect to the personal property of Debtor described as a 2012 Nissan Juke Utility 4D S AWDF 1.6L I4 Turbo, VIN# JN8AF5MV8CT126846 , in accordance with the agreement of the Debtor and Movant is hereby modified and shall remain in effect PROVIDED THAT Debtor comply with the following terms and conditions:

The Debtors have made Post-petition arrears payments on September 17th, 2018, on October 6th, 2018 and on October 13th, 2018 totaling the amount of $1,494.10, which has brought the Debtors current, with $290.82 in overage to make the November 13, 2018 payment. The Debtors shall then be responsible for timely making all future regular monthly payments to Movant starting with the payment of $290.82 due on December 15, 2018.  Failure to make future monthly payments shall be cause for default under this Consent Order.

2. The term "payment" as set forth in Paragraph 1, *supra,* does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

3. Debtors will be in default under the Consent Order in the event that Debtors fail to comply with the payment terms and conditions in Paragraph 1, *supra.*  If Debtors fail to cure the default within ten (10) days from the date of default, Movant may file a Certification of Default on five (5) days' notice to Debtors, counsel for Debtors and the Chapter 13 Trustee for an Order lifting the automatic Stay imposed under 11 U.S.C. §362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

| | |
|---|---|
| Debtors: | Jerzy Lobrow & Beata Lobrow |
| Case No.: | 18-16428-CGM |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

4. The failure of Movant to file a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

5. In the event Debtors convert to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtors shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter.

6. Movant's fees and costs of $631 are to be paid through the Chapter 13 Plan.

We hereby Consent to the form and entry of the foregoing Order.

Dated: November 5, 2018